## OSCAR L. HINDAHL v. AMERICAN LOAN SOCIETY AND OTHERS.[1]

May 29, 1930.

No. 27,593.

*George A. Lewis,* for appellant.
*Malmberg & Nelson* and *Thomas Kneeland,* for respondent.

DIBELL, J.

Action for conversion of diamonds. There was a verdict for the plaintiff. The defendant Binder appeals from the order denying his alternative motion for judgment or a new trial.

[1]Reported in 231 N. W. 408.

■ The defendant Binder purchased seven diamonds indirectly through one Hattlestad, who with the plaintiff, Hindahl, was engaged in the diamond business in Minneapolis and occupied the same room. The controlling question is whether Hindahl and Hattlestad were copartners or so engaged in a joint venture that one could purchase from Hattlestad and get title.

The claim of Hindahl is that he bought and owned the diamonds; that Hattlestad did repairing and manufacturing of jewelry; that when Hattlestad manufactured a piece of jewelry and used a diamond the cost of the diamond was paid to the plaintiff; and then there was a division of the profit.

There was much evidence that Hindahl and Hattlestad were copartners. They used a firm name. They had a common letterhead. They advertised under a firm name, carried it in the city directory, it was on the door of their place of business, and they sold at times in a firm name. Still there is evidence that the plaintiff bought the diamonds, held them as his own, and that Hattlestad had no ownership nor authority to take and sell. The sale was apparently through defendant K. Lewis, who solicited Binder to buy. It was not at their common place of business. It is not a case of a customer going into the store, finding Hattlestad there, and buying over the counter. The purchase was a little mysterious. Part of the transaction was had on a street corner. At its final closing Lewis and Hattlestad and a lawyer were present. The evidence would justify a finding that there was an actual partnership, or that Hindahl and Hattlestad were joint owners of the diamonds, or that Hindahl alone owned them. The jury could have found either way. Hindahl and Hattlestad were more evasive than candid in their testimony. So were some of the others. The evidence sustains the finding that there was no partnership or joint venture. G. S. 1923 (2 Mason, 1927) §§ 7389-7399 (uniform partnership act, §§ 6-16) ; 5 Dunnell, Minn. Dig. (2 ed.) § 7345a, et seq. Its finding of ownership in the plaintiff cannot be disturbed.

■ In the absence of laches or waiver or estoppel or an applicable recording statute, the purchaser of converted personal property

does not get title though he be an innocent one; and if he refuses to deliver to the true owner upon demand, as was the case here, he is himself liable in conversion. G. S. 1923 (2 Mason, 1927) § 8398 (uniform sales act, § 23); 1 Williston, Sales, §§ 310-317; 26 R. C. L. 1137, § 50, et seq; 38 Cyc. 2052, 2054; Bowers, Conversion, § 39, § 235, § 254.

The court charged:

"If you find * * * that the diamonds were the exclusive property of Hindahl, and that Hattlestad without the knowledge or consent of Hindahl, and with intent to defraud him, took the diamonds and sold them for purposes * * * of his own and not the purposes of Hindahl, or any joint purpose of Hindahl and himself—that is to say, if it was an exclusive appropriation of these diamonds and the proceeds of them to his own use, then none of the defendants could acquire any property rights in them and your verdict would be for the plaintiff and against each of the defendants."

The jury in addition was correctly told the result which followed if Hindahl and Hattlestad were copartners or were engaged in a joint adventure. There was a fair submission of the issue and a correct application of the law. The verdict should stand.

Order affirmed.