KATHERINE SNEVE v. FIRST NATIONAL BANK & TRUST
COMPANY OF MINNEAPOLIS.[1]

June 28, 1935.

No. 30,497.

See 192 Minn. 355, 256 N. W. 730.

*Ira C. Oehler,* for appellant.

*Stinchfield, Mackall, Crounse, McNally & Moore,* for respondent.

DEVANEY, CHIEF JUSTICE.

This is an appeal from an order sustaining defendant's demurrer
to plaintiff's amended complaint.

The action has been here before. Sneve v. First Nat. B. & T. Co.
192 Minn. 355, 256 N. W. 730. The facts need not be restated. In
our former opinion we pointed out that plaintiff had absolutely no
cause of action against defendant trustee for its alleged wrongful
action in bidding in the trust property without plaintiff's knowledge
or consent and thereby releasing the guarantors. We there held that
by virtue of the contract between the parties the guarantors' obli-
gation did not mature until after June 1, 1934. This settled the
question of when the guarantors' obligation matured and governs
us now. By June 1, 1934, according to plaintiff's complaint, the
guarantors had become insolvent so that plaintiff could not enforce

[1]Reported in 261 N. W. 700.

the guaranty. Consequently, whatever defendant trustee did or did not do in regard to bidding in the property did not damage plaintiff insofar as her right to go against the guarantors was concerned. By the time her right to hold the guarantors had matured they had become insolvent. Her right was, therefore, according to her own complaint, valueless. So, even if defendant acted wrongly in bidding in the property without plaintiff's consent or knowledge, insofar as it affected her right against the guarantors it deprived her only of a valueless right. This deprivation caused her no damage. Damage is an essential element to every such cause of action. Where there is no damage, pecuniary or otherwise, there is no cause of action. Consequently, whether plaintiff sues in conversion, negligence, or otherwise, she is not entitled to recover anything from the trustee on this count because she has suffered no loss. This present action, founded in conversion, meets the same objection as did her former action, which sounded in negligence. She has sustained no damage by defendant's allegedly wrongful act in bidding in the property without her knowledge or consent because she has been deprived only of a right which was of no value to her.

We suggested in our former opinion that plaintiff might have a cause of action in the nature of an accounting suit for the trustee's mismanagement or misconduct, if such there was, in regard to the property after the period of redemption had expired. The amended complaint here involved does not contain any allegations as to this count. For reasons herein pointed out, the demurrer must be and the same hereby is sustained.

Affirmed.

STONE, JUSTICE, took no part.