## PAUL R. PEDERSEN v. JEROME DALY.

238 N. W. 2d 620.

January 30, 1976—No. 45092.

*Jerome Daly,* pro se, for appellant.

*Larkin, Hoffman, Daly & Lindgren* and *Joseph W. Anthony,* for respondent.

PER CURIAM.

Jerome Daly appeals from a default judgment entered pursuant to a jury verdict awarding Paul R. Pedersen general damages of $1,000 and punitive damages of $7,500. Pedersen's claim was based upon malicious prosecution. We affirm.

Pedersen, a Bloomington police officer, was sued by Daly in

two separate actions in Federal Court, based on Pedersen's performance of his duties as a police officer in assisting in the arrest of Daly and in arresting Daly. Both actions were dismissed. Pedersen was alleged to have physically abused Daly, and newspapers published the fact of the suits and the allegations regarding Pedersen's conduct. Evidence was introduced that Daly, who was then a practicing attorney,[1] had threatened Pedersen with litigation, had physically assaulted Pedersen while he was arresting Daly, and that Daly's actions and the subsequent publicity caused considerable distress to Pedersen and his family.

The summons and complaint in this action were served on Daly on December 14, 1967. Daly served a timely answer on plaintiff's attorney. A note of issue was filed by Pedersen on January 11, 1968. A certificate of readiness was served on Daly on October 1, 1968, and filed with the court on October 11, 1968. Daly did not file a responsive statement as required by Rule 28F, Special Rules of Practice, Fourth Judicial District. On January 15, 1970, Daly was advised that he should be ready to go to trial on one-half day's notice. Daly requested that a day certain be set and the case was assigned to a judge for trial on March 15, 1971. Daly filed an affidavit of prejudice against the judge and advised that he was not available on March 15. The trial was rescheduled to April 26, 1971, and then to May 10, 1971, at Daly's request. On May 7, 1971, Daly's office was called and advised that the trial could commence immediately following a criminal trial then in progress. Daly was given the message and claims he understood that the matter would be reset by written notice. He then left town without checking with the clerk of court or the trial judge as to the status of the case. Daly was unavailable on May 11, 1971, when the case was called for trial at 2 p. m. He could not be reached by telephone. The trial court impaneled a jury, received plaintiff's evidence, instructed the jury, and received its verdict on May 12, 1971. Daly, on being advised of these circum-

---

[1] Daly was disbarred by this court on July 16, 1971. In re Daly, 291 Minn. 488, 189 N. W. 2d 176 (1971).

stances on his return, made a timely motion to vacate the verdict which was denied by the trial court by its order of October 7, 1971. For reasons unexplained in the record, judgment was not entered until February 5, 1974.

The standards for review of an order denying vacation of a default judgment are set forth in Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. 2d 454, 455 (1952), where we said:

"* * * [I]t is the duty of the trial court, in furthering justice by adopting a liberal policy conducive to the trial of causes on their merits, to grant a motion to open a default judgment and permit a party to answer, if the party in default shows that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party." (Italics omitted.)

Daly is obliged to affirmatively establish all of the above. We have carefully reviewed the record and are satisfied that he has not met all of these criteria. We are aware of our expressed desire to have issues litigated on the merits and the great liberality we have insisted upon in vacating default judgments. Taylor v. Steinke, 295 Minn. 244, 246, 203 N. W. 2d 859, 860 (1973). Nevertheless, under the facts and circumstances of this case, we are satisfied that the lower court did not abuse its discretion in refusing to vacate the verdict. See, Nielsen Stock & Blackburn, Ltd. v. Finance Accept. Corp. 299 Minn. 81, 216 N. W. 2d 693 (1974).

We express concern at the disproportionate amount of punitive damages in relation to the size of the general verdict. However, Daly did not raise this issue on appeal.

Affirmed.