**Bonnie J. GRUNKE, Special Administrator of the Estate of Harlan Grunke, deceased, Appellant,**

v.

**Glen KLOSKIN, Respondent.**

No. C1–84–503.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Christopher B. Hunt, Peterson, Engberg & Peterson, Minneapolis, for appellant.

D. Patrick McCullough, McCullough, Dyrud & Smith, St. Paul, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

HUSPENI, Presiding Judge.

This is an appeal from the trial court's order vacating a default judgment in favor of appellant. Appellant claims the trial court erred because respondent failed to show that he had (1) a reasonable defense on the merits, (2) a reasonable excuse for his failure or neglect to answer, and (3) that appellant would not be substantially prejudiced by vacating the default judgment. We reverse.

## FACTS

Harlan Grunke, now deceased, commenced an action against respondent Kloskin on August 12, 1983. The complaint alleged Kloskin failed to pay an invoice dated August 10, 1978. In the complaint, Grunke sought judgment for $1,880.00, plus prejudgment interest. Kloskin claims he did not realize the importance of filing a timely answer to the complaint, although there is evidence that he may have been involved in other litigation at other times. He was "out-of-town and/or out-of-state" for three weeks following receipt of Grunke's summons and complaint.

Grunke received no timely response from Kloskin, and on September 13, 1983, filed an affidavit necessary to obtain default judgment. On September 16, 1983, Kloskin attempted unsuccessfully to contact Grunke's attorney. However, Kloskin was advised by a law clerk in that attorney's office that a default judgment had probably been entered in the matter. On September 19, 1983, Grunke's attorney mistakenly, but in good faith, informed Kloskin's attorney that a default judgment had been entered.

On September 20, 1983, Kloskin served notice of a motion to vacate the default judgment. Because of inadvertence by a filing clerk, the default judgment was not actually entered until September 21, 1983. Grunke died September 22, 1983. The hearing on the motion to vacate was heard October 11, 1983. The trial court issued an order on February 27, 1984, vacating the default judgment.

## ISSUE

Whether the trial court erred by vacating the default judgment when appellant died between the entry of judgment and vacation thereof.

## ANALYSIS

A trial court's power to vacate judgments is governed by Minn.R.Civ.P. 60.02 which states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * and may order a new trial or may grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.

*Id.*

■ Four requirements must be met before a default judgment may be vacated. The Minnesota Supreme Court has stated:

[T]he trial court [must] * * * grant a motion to open a default judgment and permit a party to answer, if the party in default shows that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party. *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952); *see also Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn.1980). The decision to grant an order vacating a default judgment is, however, within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d at 715; *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973).

■ 1. Grunke's estate claims Kloskin failed to establish a reasonable excuse for his failure to make a timely answer. The affidavits submitted by Kloskin indicate he was unaware of the need to file a timely answer. He was out-of-town for three weeks after receiving the summons. Upon his return, Kloskin took steps to immediately file an answer. Although the trial court did not address any of the *Hinz* requirements in its order, it properly could find Kloskin's failure to answer was the result of excusable neglect. *See Roe v. Widme,* 191 Minn. 251, 253, 254 N.W. 274, 275 (1934).

■ 2. Grunke's estate next claims Kloskin did not establish a meritorious defense to the complaint. The existence of a meritorious defense may be established in an affidavit or by other proof. *Hengel v. Hyatt,* 312 Minn. 317, 319, 252 N.W.2d 105, 106 (1977). Proof of a valid defense may be "presented in the answer or elsewhere in the record." *Vrooman Floor Covering Inc. v. Dorsey,* 267 Minn. 318, 320, 126 N.W.2d 377, 379 (1964). Kloskin's answer includes several defenses, including statute of limitations, statute of frauds, and specific denials. Again, the trial court properly could find Kloskin possessed a meritorious defense.

■ 3. Finally, Grunke's estate claims Kloskin failed to establish no substantial prejudice would result to Grunke's estate if the judgment were vacated. Grunke and Kloskin were apparently the only witnesses to their transaction. Since Grunke died September 22, 1983, reopening this matter would leave his representative without a witness.

The *Hinz* test requires "that no substantial prejudice will result to the other party." *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. at 30, 53 N.W.2d at 456. The prejudice referred to includes the prejudice resulting when a witness becomes unavailable. 4 D. McFarland & W. Keppel, *Minnesota Civil Practice* § 2433, at 76 (1979). The sole witness for Grunke's case has died, and Kloskin is the only other witness.

Kloskin claims Grunke's estate would not be prejudiced by reopening the case because, absent Kloskin's default, a trial on the merits would almost certainly have been held after Grunke's death. Under such circumstances, argues Kloskin, Grunke's representative would have faced the same problem whether or not Kloskin filed a timely answer. Therefore, Kloskin asserts no prejudice befalls Grunke's estate by the vacation of the default judgment. We cannot agree.

We recognize trial courts have a duty to implement a liberal policy favoring the trial of causes on their merits. *Hinz,* 237 Minn. at 30, 53 N.W.2d at 455–56; *see Pedersen v. Daly,* 307 Minn. 163, 165, 238 N.W.2d 620, 622 (1976).

> [T]he goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments.

*Taylor v. Steinke,* 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973) (quoting *Sommers v. Thomas,* 251 Minn. 461, 468, 88 N.W.2d 191, 196 (1958)). However, we conclude in this matter Grunke's estate would be unable to present its case adequately at trial,

and would suffer substantial prejudice by the reopening of the default judgment. A balancing of the equities requires that any hardship created by Kloskin's neglect is hardship that must continue to be borne by Kloskin, not by Grunke's estate.

### DECISION

The trial court's vacation of the default judgment was clearly erroneous because that vacation resulted in substantial prejudice to Grunke's estate.

Reversed.