Patricia McKINLEY, Respondent,

v.

Ed FLAHERTY, Appellant.

No. C3–86–54.

Court of Appeals of Minnesota.

July 8, 1986.

Patricia McKinley, pro se.

Keith J. Broady, Abdo & Abdo, P.A., Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Respondent brought suit in conciliation court and obtained a judgment against appellant. Appellant removed the case and when he failed to appear for the trial in district court, the court entered judgment for respondent. The trial court denied appellant's motion to have the judgment vacated. We affirm but remand for the trial court to compute interest in favor of respondent.

## FACTS

Appellant Ed Flaherty leased some business property to James Holt, a friend of respondent Patricia McKinley. In November 1983, respondent asked Holt if she could store some personal belongings at this property. Holt allowed her to do so. Holt defaulted on the lease in January 1984, and he was evicted. Holt vacated the premises, leaving some property, including respondent's, on the premises. Holt then filed for bankruptcy.

In June 1984, respondent notified appellant that some of her property was on his premises. Appellant did not return the property to her. Holt also notified appellant that some of respondent's property was on the premises. Appellant did not allow Holt to pick up the property. Since June 1984, respondent has written approximately thirty-five letters to appellant and his attorney and has made approximately twenty-five phone calls to them. Appellant and his attorney ignored most of these inquiries and made no attempt to allow respondent to prove the property was indeed hers. The property is exempt personal property which is of almost no value to appellant.

In May 1985, respondent brought suit in conciliation court, requesting possession of her property or a judgment for $1,250. Appellant's answer denied that respondent owned the property and counterclaimed for $1,254 for storage of the property. The conciliation court entered judgment for respondent for $1,250 or the return of her property.

On July 23, 1985, appellant removed the case to the Hennepin County district court for trial. The matter was set for trial on October 4, 1985, and was rescheduled for November 18. On September 26, 1985, fifteen months after respondent's original demand, appellant informed respondent that "we are prepared to return your goods." On November 7, 1985, appellant wrote to the court asking the judge to dismiss the case and cancel the trial because he was allowing respondent to reclaim her property. Respondent went to reclaim her property, but she found the property in disarray; some of the items were missing, some were broken, and most were mildewed, soiled and dirty.

Respondent appeared before the trial court on November 18, 1985, informed the judge of her dissatisfaction with the condition of the property and requested money damages. Appellant failed to appear for the trial. The trial court entered judgment for respondent for $1,250. On November 20, appellant received notice of the judgment, retained counsel, and moved the court to vacate the judgment. The trial court denied the motion.

## ISSUES

1. Did the trial court err in entering judgment against appellant?

2. Did the trial court err in denying appellant's motion to vacate the judgment?

## ANALYSIS

█ 1. Appellant first argues the trial court erred in entering judgment against him when the judge had received appellant's letter requesting that the case be dismissed. Appellant contends the trial court should have notified him that it was not accepting the dismissal and should have given appellant an opportunity to be heard. Appellant cites no cases, statutes or rules to support this position.

Appellant remained the defendant in the district court case, even though appellant initiated the removal of the case to district court. *See* Minn.Stat. § 488A.17, subd. 1 (1984). Because a defendant may not unilaterally have a civil suit dismissed, appellant's letter to the court did not dismiss the case. When appellant failed to appear for the trial, the trial court did not err in hearing respondent's case and rendering a verdict against appellant. *See Pedersen v. Daly*, 307 Minn. 163, 238 N.W.2d 620 (1976).

2. Appellant next contends that the trial court erred in refusing to open the judgment. A trial court may relieve a party from a final judgment for mistake, inad-

vertence, surprise or excusable neglect. Minn.R.Civ.P. 60.02 Whether a default judgment should be opened is largely within the discretion of the trial court and this court should not reverse its decision unless there has been an abuse of discretion. *Spicer v. Carefree Vacations, Inc.*, 379 N.W.2d 728, 729 (Minn.Ct.App.1986). Relief is proper if the defendant has a reasonable defense on the merits, the defendant has a reasonable excuse for his failure to answer, the defendant acted with due diligence after notice of the entry of judgment, and no substantial prejudice will result to other parties. *Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn.1980).

It is clear that appellant acted with due diligence after receiving notice of the judgment, and we cannot see how respondent would be substantially prejudiced by opening the judgment. Although appellant's excuse for failing to appear for trial—that he believed he had unilaterally cancelled the trial—is weak, it does not completely destroy appellant's claim. *See Spicer*, 379 N.W.2d at 730. The crucial issue is whether appellant has a reasonable defense on the merits to justify opening the default judgment.

■ Although respondent, who has proceeded pro se throughout this controversy, has never stated so, her cause of action is for conversion of her property. To constitute conversion, one must exercise dominion over property that is inconsistent with the owner's right to the property, or some act must be done that destroys or changes the character of the property or deprives the owner of possession permanently or for an indefinite length of time. *Hildegarde, Inc. v. Wright*, 244 Minn. 410, 413, 70 N.W.2d 57, 259 (1955). Wrongfully refusing to deliver property upon demand by the owner constitutes conversion. *See Hindahl v. American Loan Soc.*, 180 Minn. 447, 449, 231 N.W. 408, 409 (1930). Because appellant refused to deliver respondent's property upon demand, and because appellant deprived her of possession

of her property for almost two years, he has clearly converted the property.

Appellant contends he has several defenses to this claim. The only defense with any merit is that he never wrongfully withheld possession of the property from respondent because he could not return it to her without possibly incurring liability to the former tenant, Holt. In essence, appellant contends that he was not sure whether the property belonged to respondent or Holt. Had appellant given the property to respondent and had it turned out to be Holt's, appellant argues that he would have been liable for converting Holt's property.

■ In *Hildegard*, 244 Minn. at 413, 70 N.W.2d at 260, the court recognized that in most cases a bailee's refusal to deliver upon the owner's demand is conversion. However, the court stated that where the refusal to deliver the property is qualified and the qualification has a reasonable purpose, the bailee is not a converter because the bailee has not asserted dominion over the goods in a manner inconsistent with the owner's rights. *Id.* Among the conditions upon which a bailee may reasonably qualify his refusal to deliver property is that the owner first prove his title or right to possession. *Id.* This rule protects the bailee from being placed in the difficult position of risking a suit by the rightful owner for converting the property when the bailee gives the property to the person who claims to be the owner. *Id.* at 414, 70 N.W.2d at 260.

■ Appellant cannot use this as a defense in the present case, however, because he never gave respondent an opportunity to prove the property was hers until she brought suit against him. Appellant ignored all of her letters that stated she owned the property. He also ignored Holt's letters stating that she owned some of the property. Appellant could easily have had Holt and respondent come onto the premises and show him which property belonged to respondent. He also could have told respondent she could have the property if she could prove the property was hers. Because he failed to do either of

these simple acts, we hold that he has no reasonable defense on the merits and that the trial court did not err in refusing to vacate the judgment.

 Although we believe the trial court did not err in entering judgment or in refusing to vacate that judgment, we believe the trial court incorrectly computed damages. The measure of damages in a conversion case is generally the value of the property at the time of the conversion plus interest from that time. *McLeod Nash Motors, Inc. v. Commercial Credit Trust,* 187 Minn. 452, 460, 246 N.W.2 17, 20 (1932). The trial court failed to grant respondent interest. We therefore remand for the trial court to compute interest from the time appellant converted respondent's property.

### DECISION

The trial court did not err in entering judgment against appellant or in refusing to vacate that judgment. The trial court erred in failing to award interest to respondent.

Affirmed in part and remanded.