*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1019**

Laxman S. Sundae,
Appellant,

vs.

Jacob Salhus,
Respondent,

Stacey Smith,
Respondent,

Ryan Naddy,
Respondent.

**Filed January 26, 2015
Affirmed
Reilly, Judge**

Dakota County District Court
File No. 19AV-CV-13-3405

Laxman S. Sundae, Rosemount, Minnesota (pro se appellant)

Jacob Salhus, Rosemount, Minnesota (pro se respondent)

Stacey Smith, Rosemount, Minnesota (pro se respondent)

Ryan Naddy, Rosemount, Minnesota (pro se respondent)

        Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

**UNPUBLISHED OPINION**

**REILLY**, Judge

Appellant challenges the district court's denial of his motion for vacation of a judgment entered against him after he failed to appear for trial. Because appellant has not demonstrated that relief from the judgment is justified and because the district court did not abuse its discretion by denying the motion, we affirm.

## FACTS

Appellant-landlord Laxman S. Sundae commenced a conciliation court action against respondent-tenants Jacob Salhus, Stacey Smith, and Ryan Naddy, asserting that they are liable under a theory of negligence for damage caused to his Rosemount rental property when a bathtub overflowed and the property flooded. The conciliation court dismissed appellant's claim with prejudice, ruling that he failed to establish the elements of causation and damages. Appellant removed the case to district court for a de novo trial, and the court administrator mailed the parties a scheduling notice in November 2013 to inform them that the trial would be held on May 2, 2014. Respondents appeared for trial on May 2, but appellant did not appear. The district court dismissed the case with prejudice and ruled that the conciliation court's decision would stand, and judgment was entered. After learning of the judgment, appellant moved for vacation of the judgment and a new trial, arguing that he did not receive notice of the trial date. The district court denied the motion without explanation, and this appeal followed.

2

# DECISION

Appellant challenges the district court's denial of his motion for vacation of the judgment and a new trial. A district court's ruling on a motion to vacate a judgment is reviewed for an abuse of discretion. *Charson v. Temple Israel*, 419 N.W.2d 488, 490 (Minn. 1988). "A district court abuses its discretion if its findings are unsupported by the evidence or its decision is based on an erroneous view of the law." *Kern v. Janson*, 800 N.W.2d 126, 133 (Minn. 2011).

"On motion and upon such terms as are just, [a] court may relieve a party . . . from a final judgment . . . and may order a new trial or grant such other relief as may be just" due to, among other things, "[m]istake, inadvertence, surprise, or excusable neglect" or "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02. A four-factor test is used to determine whether relief from a judgment should be granted under rule 60.02. *Roehrdanz v. Brill*, 682 N.W.2d 626, 632 (Minn. 2004). The party seeking relief must demonstrate: "(1) a reasonable defense on the merits; (2) a reasonable excuse for his or her failure to act; (3) that he acted with due diligence after notice of the entry of judgment; and (4) that no substantial prejudice will result to the opposing party if the motion to vacate is granted." *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn. 1997) (citing *Finden v. Klass*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)). All four *Finden* factors must be satisfied to justify a grant of relief, but a weak showing on one factor may be offset by a strong showing on the other factors. *Westfield Ins. Co. v. Wensmann, Inc.*, 840 N.W.2d 438, 449 (Minn. App. 2013), *review denied* (Minn. Feb. 26, 2014).

3

The district court did not make any findings or provide any analysis or explanation for its decision to deny appellant's motion. We note that the district court should have applied the *Finden* factors to the facts of this case rather than summarily denying the motion. As in previous cases where district courts failed to apply the *Finden* factors or provide rule 60.02 analysis, we will apply the factors de novo. *See, e.g.*, *Reid v. Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001) ("If the district court fails to apply the four-factor test, this court may apply the test de novo."); *Carter v. Anderson*, 554 N.W.2d 110, 115 (Minn. App. 1996) ("[B]ecause the district court did not make any Rule 60.02 analysis or apply the *Finden* test, we must do so."), *review denied* (Minn. Dec. 23, 1996).

*A Meritorious Claim*

When the first *Finden* factor is applied in the context of a judgment against a plaintiff, the question to be asked is whether the plaintiff has a meritorious claim. *See Peterson v. Skutt Ceramic Prods., Inc.*, 417 N.W.2d 648, 651 (Minn. App. 1987) ("Because the . . . test is generally applied in the context of a default judgment, it is phrased in terms of whether a party has a meritorious defense. However, this may also be phrased in terms of whether the plaintiff has a meritorious claim."), *review denied* (Minn. Mar. 18, 1988). The conciliation court ruled that appellant failed to establish the elements of causation and damages. Appellant points to an estimate for repairs to demonstrate that the flood caused over $20,000 in damages to his rental property. However, the estimate contains a date of September 28, 2010, when the flood allegedly did not occur until November 13, 2010, and the property address listed on the estimate is

4

not the address of the rental property allegedly flooded. Appellant has not demonstrated that he has a meritorious claim of negligence against respondents.

*A Reasonable Excuse for Failure to Act*

Appellant contends that he did not receive the scheduling notice and was unaware of the May 2 trial date. He states that he often does not receive his mail due to damage to his mailbox. Although appellant was aware of this problem with receiving mail at his home address, he did not provide the district court with an address where he could reliably receive mail or take action to ascertain the status of his case between November 2013, when he removed the case to district court and the trial date was scheduled, and May 2, 2014. Appellant has not demonstrated that he has a reasonable excuse for failing to attend the trial.

*Action with Due Diligence After Notice of Entry of Judgment*

Appellant filed his motion for vacation of the judgment and a new trial less than two weeks after the judgment was entered. We conclude that appellant acted with due diligence to challenge the judgment after receiving notice of entry of the judgment.

*No Substantial Prejudice to the Opposing Party if the Motion is Granted*

In examining the factor of prejudice, this court has considered whether evidence has been lost or witnesses have become unavailable. *See, e.g.*, *Riemer v. Zahn*, 420 N.W.2d 659, 662 (Minn. App. 1988) ("The record does not indicate that the evidence has been substantially affected or that witnesses now are unavailable."); *Grunke v. Kloskin*, 355 N.W.2d 207, 209-10 (Minn. App. 1984) (holding that a district court erred by vacating a default judgment because vacation would result in substantial prejudice to the

appellant when the only witness for the appellant had died), *review denied* (Minn. Jan. 2, 1985). "[W]here the only prejudice is added expense and delay, substantial prejudice of the kind necessary to keep a judgment from being reopened does not exist." *Peterson*, 417 N.W.2d at 651. The record here does not indicate that any evidence or testimony to be presented at a new trial has become available or that respondents would be substantially prejudiced if appellant's motion is granted.

Appellant asserts that the judgment should be vacated given the preference of courts of this state for resolution of litigation on the merits. *See, e.g.*, *Save Our Creeks v. City of Brooklyn Park*, 682 N.W.2d 639, 642 (Minn. App. 2004) (stating that "the rules of civil procedure . . . advance the policy favoring resolution of cases on the merits"), *aff'd*, 699 N.W.2d 307 (Minn. 2005); *Westfield*, 840 N.W.2d at 449 (stating that "the goal of litigation is to reach a resolution of disputes on the merits"); *Black v. Rimmer*, 700 N.W.2d 521, 529 (Minn. App. 2005) ("Courts should liberally apply [the *Finden*] factors to further the policy of resolving cases on their merits."), *review dismissed* (Minn. Sept. 28, 2005). But we note that the conciliation court did consider and rule on the merits of appellant's negligence claim, and thus this is not a case where the merits of the litigation have not been addressed. Because appellant has not demonstrated all four *Finden* factors, we hold that the district court did not abuse its discretion by denying the motion for vacation of the judgment and a new trial.

**Affirmed.**