*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0496**

The Original Bobble Babes, LLC,
Appellant,

vs.

Dedicated Logistics, Inc.,
Respondent.

**Filed November 21, 2016
Affirmed
Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CV-14-14069

Richard S. Eskola, Columbia Heights, Minnesota (for appellant)

Charles F. Webber, Blake J. Lindevig, Faegre Baker Daniels LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant The Original Bobble Babes, LLC (Bobble Babes), stored its product with respondent Dedicated Logistics, Inc. (DLI), a warehouse owner. Following Bobble Babes' nonpayment of warehouse fees, DLI sold Bobble Babes' product to enforce its warehouse lien. Bobble Babes sued, and the case was tried to the district court. Bobble Babes appeals

from the district court's judgment, arguing that the district court erred in determining that (1) DLI's violation of the notice requirements of Minn. Stat. § 336.7-210(a) (2012) did not entitle Bobble Babes to relief; (2) DLI's failure to return excess funds to Bobble Babes did not violate section 336.7-210(f); (3) DLI sold the goods in a commercially reasonable manner; (4) DLI did not willfully violate the lien-enforcement requirements of section 336.7-210(a), giving rise to a conversion claim; (5) DLI did not convert Bobble Babes' goods; (6) Bobble Babes abandoned the goods; (7) Bobble Babes failed to prove that it suffered damages; and (8) Bobble Babes was bound by the limitation-of-damages language on the back of DLI's invoices. Because the district court did not clearly err in finding that Bobble Babes did not prove it suffered damages as a result of DLI's sale of its goods, we affirm.

**FACTS**

Bobble Babes sells novelty products depicting women's breasts. Bobble Babes began storing its goods at DLI's warehouse in 2010. In August 2012, Bobble Babes fell "60 to 90+" days late on warehouse fee payments, and one attempt to pay by check was rejected due to insufficient funds. Bobble Babes missed a payment again in March 2013 and promised to pay within the week when confronted by DLI but failed to pay by the promised date. Bobble Babes ceased making payments altogether after March 2013. In a June 10, 2013 e-mail, DLI notified Bobble Babes that continued failure to pay "*may* result in [DLI] taking ownership of [Bobble Babes'] inventory." Bobble Babes replied that it would send a check within the week, but DLI never received a check.

DLI also mailed a certified letter to Bobble Babes on June 10, which included the statement, "Please consider this your 30 day notice of termination. All products must be removed from our warehouse no later than Wednesday July 10, 2013." The letter was returned to DLI as "unclaimed" because Bobble Babes did not sign for it. On July 12, DLI called, left a voicemail, and sent an e-mail to Bobble Babes, attaching a copy of the June 10 letter and stating that the inventory would "be disposed of" if the fees remained unpaid by July 19. Bobble Babes did not respond. On July 18, DLI sent another e-mail stating that it would dispose of the inventory if it did not hear from Bobble Babes by July 19.

Bobble Babes e-mailed DLI on July 18 disputing the amount of fees owed. The next day, DLI denied that it had overbilled, asked for payment, and asked that the inventory be removed from the warehouse "today." Bobble Babes did not pay DLI or pick up its goods. Bobble Babes e-mailed DLI on July 22, again contesting the fee calculation. DLI sent Bobble Babes an accounting of its billing history and invited Bobble Babes to come the warehouse and confirm the pallet count in person. Bobble Babes' vice president visited the warehouse on July 24; he raised no issue with DLI regarding the pallet count, although later at trial he claimed that DLI's count was too high.

DLI e-mailed Bobble Babes on July 30 asking, "Will you be picking up your product by the end of the day tomorrow? If no then we will dispose of the product. This has gone on long enough and requires closure." Bobble Babes did not respond.

In early August, Bobble Babes and DLI agreed that Bobble Babes would pay the outstanding fees and remove its inventory from the warehouse by the end of that month.

DLI e-mailed Bobble Babes on August 12, 23, 27, 28, 29, and 30 asking for updates. Bobble Babes did not pay, remove its inventory, or respond to DLI's communications.

In October DLI sold the inventory, consisting of 83,200 units, to a liquidator for $1,000. At that time, Bobble Babes owed DLI $777.50 in warehouse fees. DLI did not send Bobble Babes the excess $222.50 from the sale. DLI did not consult with a lawyer or research the law on warehouse-lien enforcement before selling the inventory.

On April 10, 2014, about six months after the goods were sold, Bobble Babes sent an e-mail to DLI stating, "I need my product right away. If you disposed of it I'm owed $104000 minus the money owed to you." DLI replied, "Too late. You were given more than sufficient notice as to the status of the account and what would happen if you did not respond as requested."

Bobble Babes sued DLI, claiming that DLI owed Bobble Babes $242,000 in lost profits and $150,000 in production costs. Bobble Babes asserted four causes of action: (1) breach of contract, (2) conversion, (3) breach of bailment obligations, and (4) violations of Minn. Stat. §§ 336.7-206 to -210 (2014). The alleged statutory violations consisted of failure to provide notice prior to the lien enforcement sale, failure to deliver the sale proceeds in excess of the lien amount, failure to sell the goods in a commercially reasonable manner, and willful violations giving rise to liability for conversion. Following a two-day bench trial, the district court issued its findings of fact, conclusions of law, and order dismissing all of Bobble Babes' claims with prejudice and ordering judgment for DLI.

The district court found that Bobble Babes failed to prove damages, specifically because Bobble Babes failed to prove that it lost any profits as a result of the sale and failed

to present credible evidence of its alleged replacement or production costs. The district court also found that DLI failed to notify Bobble Babes of the sale pursuant to section 336.7-210(a) notice requirements but that this violation was not willful and, in any event, did not entitle Bobble Babes to relief because no damages were proven. The district court also found that DLI sold the goods in a commercially reasonable manner. Although Bobble Babes may have been entitled to the $222.50 in excess sale proceeds under section 336.7-210(f), the district court concluded that DLI's failure to deliver that amount to Bobble Babes was not a statutory violation because Bobble Babes never demanded that payment prior to the lawsuit. The district court dismissed the breach-of-contract and breach-of-bailment-obligation claims because DLI acquired a valid warehouse lien on the goods and was entitled to sell the goods to recover the $777.50 it was owed in warehouse fees. Finally, the district court concluded that, even if Bobble Babes were entitled to damages for any of its claims, the damages would be limited to $126.75 under damages-limitation provisions that were included on the back of invoices DLI had sent to Bobble Babes.

Bobble Babes appeals.

## D E C I S I O N

We begin with the district court's findings regarding damages because all of Bobble Babes' claims require proof of damages. "Damage is an essential element to every cause of action. Where there is no damage, pecuniary or otherwise, there is no cause of action." *Sneve v. First Nat. Bank & Trust Co. of Minneapolis*, 195 Minn. 77, 78, 261 N.W. 700, 700 (1935); *see also Carity Motors, Inc. v. Eichten*, 189 Minn. 310, 314, 249 N.W. 190, 192 (1933) (holding that a plaintiff who has suffered no damages cannot recover on a

5

conversion claim).  Bobble Babes maintains that it is entitled to relief for violations of the warehouse-lien-enforcement statute and for conversion.  Regarding violations of the warehouse-lien-enforcement statute, the statute provides for recovery of "damages caused by failure to comply with the requirements for sale under this section."  Minn. Stat. § 336.7-210(i).  Regarding conversion, recovery is generally measured by the value of the property at the time of conversion plus interest.  *McKinley v. Flaherty*, 390 N.W.2d 30, 33 (Minn. App. 1986).

Bobble Babes argues that the district court erred in finding that it failed to prove damages.  The calculation of damages is a factual determination that we review for clear error.  *Mattson Ridge, LLC v. Clear Rock Title, LLP*, 824 N.W.2d 622, 633 (Minn. 2012).  In reviewing factual findings for clear error, we examine the record to see if it contains reasonable evidence to support the district court's findings, viewing the evidence in the light most favorable to the judgment.  *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013).  "Because district courts stand in a superior position to appellate courts in assessing the credibility of witnesses, we give particular deference to factual findings based on witness testimony."  *Michaels v. First USA Title, LLC*, 844 N.W.2d 528, 534 (Minn. App. 2014) (quotation omitted).  We "assume the [fact finder] disbelieved any testimony in conflict with the result it reached."  *Myers v. Hearth Techs., Inc.*, 621 N.W.2d 787, 791 (Minn. App. 2001), *review denied* (Minn. Mar. 13, 2001).  We will conclude that a finding of fact is clearly erroneous only if we are "left with the definite and firm conviction that a mistake has been made."  *Rasmussen*, 832 N.W.2d at 797 (quotation omitted).

6

The district court found that Bobble Babes failed to prove by a preponderance of the evidence that its goods had value above the value of the lien DLI held on the goods for unpaid storage fees. The district court found that Bobble Babes failed to prove alleged lost profits and listed four key facts supporting this finding.

First, the district court found that Bobble Babes' claim that the inventory had value above the amount of the outstanding storage fees is inconsistent with its non-responsiveness to DLI's communications warning that the products would be disposed of. The record contains ample evidence that Bobble Babes repeatedly failed to communicate with DLI and ignored DLI's warnings that the inventory would be disposed of, despite DLI's efforts to resolve the dispute. The evidence reasonably supports the district court's determination that it was implausible and unreasonable that Bobble Babes would have made such little effort to resolve the minor fee dispute, knowing it risked the imminent loss of its goods, if the goods actually had value in excess of the outstanding storage fees.

Second, the district court found that the evidence Bobble Babes presented to document the value of the goods was not credible because it was "speculative and/or failed to establish damages with a reasonable level of certainty." Specifically, many of the eBay listings Bobble Babes offered to prove the fair market value of the items showed products offered for sale rather than prices at which the products actually had been sold. There is reasonable evidence in the record to support this determination.

Third, the district court reasoned that the Bobble Babes president reported business losses to the IRS each year from 2010 through 2013, undermining its claim of lost future profits. Evidence in the record supports this determination.

7

Fourth, the district court reasoned that the fact that the president of Bobble Babes valued his 67% interest in the company at only $1.00 when he filed for bankruptcy in 2011 further undermined the claim that the goods had value above the outstanding fee amount. This finding is supported by evidence in the record.

The district court also found that Bobble Babes failed to prove its claimed replacement- or production-cost damages by a preponderance of the evidence. This finding likewise is not clearly erroneous. The president of Bobble Babes testified that the company spent $100,546 on manufacturing the items that DLI eventually sold, or $166,274 if the calculation includes the cost of the molds, shipping, and marketing. He based these calculations on per-unit production costs noted on an inventory list that he and his wife personally created. Because the only evidence offered to support Bobble Babes' claim of production costs is the testimony and the list made by the company's president and his wife, determining the veracity of the calculations requires an assessment of the credibility of those two witnesses. Applying the appropriate level of deference to the district court's assessments of witness credibility, and assuming the district court disbelieved testimony in conflict with the judgment, we are not "left with a definite and firm conviction" that the district court erred in determining that Bobble Babes failed to prove its claimed production or replacement costs. *Rasmussen*, 832 N.W.2d at 797; *Myers*, 621 N.W.2d at 791.

Because we conclude that the district court did not clearly err in finding that Bobble Babes failed to prove damages, we need not and do not reach the remaining issues. *Mattson Ridge, LLC*, 824 N.W.2d at 633; *Sneve*, 195 Minn. at 78 261 N.W. at 700 (1935).

**Affirmed.**

8