AQUILLA G. OSMAN v. IVER WISTED and Another.

December 8, 1899.

Nos. 11,760—(127).

## Judgment—Impeaching Officer's Return of Service.

An officer's return of service cannot be impeached by means of equivocal and evasive affidavits; and, to set aside and vacate a judgment on the ground that such a return is false, the proof of its untruthfulness must be positive, satisfactory, and convincing.

**Discretion of Court.**

> *Held,* in the case at bar, that it would have been an abuse of its
> sound legal discretion if, on the affidavits presented, the court below had
> set aside and vacated a default judgment entered in the action, and had
> permitted a proposed answer to be filed.

**Homestead—Estoppel.**

> *Held,* further, on facts as shown, that defendant husband, who had
> made an assignment of all of his property exempt from execution for the
> benefit of his creditors, under the state insolvent laws, and also his wife,
> are estopped from asserting a homestead right in the real property in-
> volved in this action.

Appeal by defendants from an order of the district court for St.
Louis county, Moer, J., denying a motion to open the judgment and
for leave to answer.   Affirmed.

*Austin N. McGindley,* for appellants.

*W. B. Phelps,* for respondent.

COLLINS, J.

Defendants appeal from an order denying their motion, made
June 17, 1899, to open, vacate, and set aside a default judgment
entered against them on November 20, 1897, and for leave to an-
swer in an action brought to determine adverse claims to real prop-
erty in plaintiff's possession.   There are two good reasons for af-
firming the order:

1. There was no abuse of discretion when the motion was denied
on the showing made at the hearing as to the service of the sum-
mons and complaint on each of the defendants more than 40 days
prior to the entry of judgment.   The service was made by a deputy
sheriff, who returned that he had personally served such summons
and complaint on the defendant wife, and had served on the de-
fendant husband by leaving copies of said summons and complaint
at the house of his usual abode with the defendant wife, she be-
ing a person of suitable age and discretion then residing therein.
The service upon the husband was regular, and in one of the
methods authorized by statute.   Nor did the defendant wife deny
that the return was correct as to service upon herself, her only
excuse for failing to answer being that she did not read the sum-
mons and complaint when they were left in her hands, subse-

quently mislaid them, and knew nothing of their contents until they were resurrected from a desk in the house in April, 1899. Nor did the defendant wife assert positively that copies were not left with her for defendant husband, in his absence, and at their dwelling, in exact accordance with the sheriff's return. She equivocated on this in her moving affidavit; and the only excuse offered by the defendant husband for being in default for want of answer was that his wife had mislaid the papers, if they were ever served, and that he knew nothing of them until they were brought to light as before stated.

There were also affidavits of other members of the family to the effect that but one copy of the summons and complaint was left with Mrs. Wisted, but it would have been much more satisfactory and convincing if this had been stated by the person upon whom service was actually made, instead of by persons who had very little opportunity for knowing the facts. And there were other matters appearing in regard to the service, which, taken into consideration with what has been stated, indicate very clearly that, had the court held with the defendants, and granted their motion, its action would have been wholly unwarranted, and reversible, because an abuse of the sound legal discretion which it must exercise in cases of this kind. An officer's return cannot be impeached by means of equivocal and evasive affidavits, and, to set aside and vacate a judgment on the ground that such a return is false, the proof of its untruthfulness must be positive, satisfactory, and convincing. Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541.

2. On the undisputed facts the proposed answer was without merit.

The defendant husband was the owner of two adjoining city lots, one numbered 61 and the other 63. Before purchasing lot 63, he had built a dwelling house on 61, and made it his homestead. After purchasing 63, he built an addition to his dwelling, mostly on 61 but in part on 63. He then erected a large house on the lot last mentioned, which was occupied by tenants. With his family he continued to reside in the dwelling first built, and in July, 1893, he made an assignment under our state insolvency laws for the benefit of all

of his creditors of all of his property not exempt from execution. When making the inventory of his non-exempt assets in these insolvency proceedings, he included lot 63 as an asset, but lot 61 was omitted from such inventory. In May, 1894, by order of the court in which the proceedings were pending, the insolvent's assignee sold lot 63 to the plaintiff's wife, she paying therefor the sum of $4,250, which sum was thereafter distributed, as part of the trust funds, among the creditors. This sale was afterwards confirmed by the court, the insolvent making no objection, and the lot was duly conveyed by the assignee to the purchaser, the plaintiff's wife. By subsequent conveyance he became the owner. After the conveyances, plaintiff rented the premises, collected the rents, paid taxes, and made improvements with the knowledge of both defendants; and part of the improvements were made by plaintiff at the suggestion of defendant husband. November 20, 1893, four months after the assignment, the defendants, husband and wife, executed and delivered to one Bell a mortgage upon lot 61 in the usual form, and containing the usual covenants of seisin and warranty, in which covenants both defendants joined, which mortgage was thereafter duly foreclosed by sale of the mortgaged premises to the mortgagee. The certificate of such sale was thereafter duly assigned to one Peterson, a brother of defendant wife, and subsequently both defendants executed and delivered to him a quitclaim deed of the premises. After the expiration of the year of redemption, Peterson mortgaged the property to an insurance company for the use and benefit of defendants. This mortgage was duly foreclosed by sale to the mortgagee. There was no redemption, and in May, 1899, defendants were evicted from the premises. This motion seems to have followed immediately.

From this statement of the facts it is obvious that the proposed answer, through which defendants attempted to assert a homestead right in lot 63 when the assignment was made, was wholly devoid of merit. In fact it would be difficult to conceive of an answer less meritorious than that accompanying the motion, when the actual facts are presented. The defendant husband selected his homestead, as he had a right to do, when he made the inventory, by omit-

ting to include lot 61, on which he had resided for many years. He waived all claim to homestead rights in lot 63 when he included it in an inventory of his property not exempt from sale on execution. He again waived any rights, if he had any, when he allowed the sale by the assignee to be confirmed without interposing any objections. He affirmed the previous selection of his homestead when he mortgaged all of lot 61, some four months after the assignment. And the defendant wife ratified and confirmed his selection of the statutory homestead when she became one of the covenantors in the mortgage, and joined in the execution and delivery of the same. Both defendants are estopped from denying that lot 61 was their homestead when the assignee made the sale of lot 63. One selection or allowance of a homestead in assignment proceedings is all that the statute recognizes, and ought to satisfy these defendants.

Order affirmed.