## DUANE TAYLOR v. CHARLES STEINKE.

203 N. W. 2d 859.

January 19, 1973—No. 43716.

*Gislason, Alsop, Dosland & Hunter,* for appellant.
*Willette & Kraft* and *DePaul Wilette,* for respondent.

Considered by Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

PER CURIAM.

Defendant appeals from an order denying his motion to vacate a default judgment. We reverse.

The litigation out of which this matter arose involves the purchase and sale of a truck between the parties, both of whom appear to have been principally engaged in the occupation of farming. Defendant publicly advertised a truck for sale. Plaintiff orally offered to purchase the truck on August 15, 1971, and made a downpayment thereon. As a part of the bargain, defendant removed from the truck a grain box and notified plaintiff's wife 2 days later that the truck was ready for delivery. Plaintiff did not contact defendant or tender the balance due. After a lapse of 42 days from the date the truck was ready for delivery, defendant, having a need for a truck with a grain box, traded the truck and obtained another for his own use.

On November 3, 1971, plaintiff served a summons and complaint on defendant seeking to recover alleged damages from defendant for having disposed of the truck. No answer was interposed by defendant, and on December 17, 1971, plaintiff obtained a default judgment against him in the sum of $1,050 plus costs.

Defendant promptly moved to reopen the judgment. In the moving papers defendant stated that on November 16, 1971, he phoned plaintiff's attorney explaining the nature of the sale and informing him that plaintiff had failed to contact him for 44 days thereafter and had not paid the balance due on the purchase price. Defendant further stated that he obtained the impression in his conversation with plaintiff's attorney that there was nothing further for him to do at that time. In addition, defendant

submitted a proposed answer and counterclaim setting forth the defense that plaintiff had failed to complete the purchase of the truck, thereby breaching the agreement. Plaintiff offered no explanation for his delay in completing the purchase within a reasonable time after making the downpayment.

The trial court denied the motion to vacate the judgment, stating in his memorandum:

"Defendant offered no valid reason or excuse for his failure to file an answer within the forty-four day period after valid service."

It would have been more desirable had there been a stronger showing than the fact that defendant obtained an impression from the phone conversation with plaintiff's attorney that there was nothing further that he need do at the time. Nevertheless, "[i]t must be remembered that the goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments." Sommers v. Thomas, 251 Minn. 461, 468, 88 N. W. 2d 191, 196 (1958). This is particularly true where, as here, there is indicated the possibility of a valid defense and where no substantial prejudice will result to plaintiff if the judgment is vacated.

It is our opinion, under all of the circumstances, that the default judgment should be vacated and defendant allowed to interpose his answer and counterclaim so that the action may be heard and determined on its merits.

Reversed and remanded.