ELK RIVER ENTERPRISES, INC., Respondent,

v.

Terry ADAMS and Nationwide Wash Systems, Inc., Defendant and Third Party Plaintiffs,

v.

BIVENS WINCHESTER CORPORATION, Third Party Defendant, Appellant.

Nos. C4–84–494, C3–84–602.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Sheldon M. Vie, Wakefield, Lundberg & Vie, Elk River, for respondent.

Henry A. Cousineau, Jr., Barbara A. Burke, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

Bivens Winchester Corporation appeals from the denial of its motion to vacate judgment entered against it in the amount of $114,383. Bivens Winchester acted *pro se* in filing an answer to plaintiff's complaint, but never appeared at trial to contest the matter. Elk River presented its case in a 15-minute trial, after which the court entered judgment in the requested amount. We reverse.

## FACTS

Bivens Winchester is located in the state of Virginia, and manufactures car washes. One of its units was installed at Elk River Enterprises, a gas station in Elk River, Minnesota. Subsequently, problems developed with the car wash. Elk River sued Nationwide Wash Systems, the sales representative for Bivens Winchester. Nationwide answered that any problems were the fault of Elk River. Nonetheless, Nationwide brought a third-party action against Bivens Winchester. Acting *pro se*, David Bivens, its president, filed an answer to the third-party complaint. David Bivens claims that he was subsequently informed by Nationwide executives not to worry because the equipment operated according to design.

The matter originally was scheduled for trial on June 13, 1983. David Bivens planned to attend, but the case was continued until December 12, 1983. Although aware of the rescheduling, Bivens Winchester made no appearance at the December trial. Elk River and Nationwide entered into a Pierringer settlement. Elk River then made a direct claim against Bivens Winchester. During 15 minutes of testimony, Elk River and Nationwide witnesses testified that Bivens Winchester's equipment was defective. At one point, Elk River's president testified to an operating loss of $60,000. There was no other evidence regarding this loss. Judgment was entered against Bivens Winchester for $114,383, the total amount sought by Elk River. On being notified of the entry of judgment, David Bivens secured local counsel and made post-trial motions to vacate the judgment. Nationwide is not a party to this appeal.

## ISSUE

Did the court err by denying Bivens Winchester's motion for new trial?

## ANALYSIS

Bivens Winchester contends that it is entitled to a new trial because of a strong public policy against default judgments, *see Hinz v. Northland Milk and Ice Cream Co.*, 237 Minn. 28, 53 N.W.2d 454 (1952), and because the absence of attorney representation was due to excusable neglect, *see* Minn.R.Civ.P. 60.02(1). In fact, this was a contested matter because Bivens Winchester filed an answer to the third-party complaint. Minn.R.Civ.P. 5.01. Moreover, the nonappearance was intentional and therefore was not excusable. *Croes v. Handlos*, 225 Minn. 247, 30 N.W.2d 471 (1948); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir.1973).

Yet for other reasons, we may open the judgment under such circumstances that are just. Minn.R.Civ.P. 60.02(6). The fifteen-minute trial provides too little support for a judgment of such magnitude. The evidence of both liability and damages was established in a cursory manner. For

example, the $114,387 judgment included $61,000 economic damages. This was supported only by two sentences of partisan testimony. The judgment also included an award of $16,365 interest, based on an off-the-cuff estimate of $15,000. Reviewing evidence of damages with similar probative value, our supreme court required a new trial and stated:

We feel that to allow this result to stand on the evidence before us would be a miscarriage of justice. It might be that, on a new trial of this issue, competent evidence will establish that the result is justified, but on the evidence on which the finding rests it seems so improbable * * * that we are unwilling to let it stand.

H.P. Droher and Sons v. Toushin, 250 Minn. 490, 502, 85 N.W.2d 273, 281 (1957); see also Frame v. Hohrman, 229 Minn. 468, 39 N.W.2d 881 (1949).

Opening the judgment will result in monetary losses to Elk River which had prepared for trial to begin in December 1983. In remanding this case for a new trial, the trial court shall determine the reasonable costs, including attorney's fees, occasioned by the delay and award them to Elk River.

However, it would be unconscionable to saddle Elk River with costs and disbursements of this appeal on the theory that Bivens Winchester is the prevailing party. This appeal is the result of David Bivens' conscious decision not to prepare for trial. Therefore, a new trial is conditioned on Bivens Winchester's consent to waive the taxation of costs and disbursements of this appeal and pay reasonable costs, including attorney's fees, occasioned by the delay as determined by the trial court; otherwise, the case shall stand affirmed on all issues. See H.P. Droher and Sons, 250 Minn. at 503, 85 N.W.2d at 282.

## DECISION

We reverse on condition that Bivens Winchester waives its right to costs for the appeal, and pay the reasonable costs, in-

cluding attorney's fees, occasioned by the delay as determined by the trial court.

Reversed and remanded.