**Dennis Andrew GALATOVICH,
Respondent,**

v.

**Robert Earl WATSON, et al.,
Appellants.**

No. C3–87–324.

Court of Appeals of Minnesota.

Sept. 29, 1987.

---

Craig William Baumann, Woodbury, for Robert Earl Watson, et al., appellants.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is an appeal from the trial court's denial of appellants' motion to vacate a default judgment. We reverse and remand.

## FACTS

In December 1986, respondent Dennis Galatovich and appellant Kimberly Watson were involved in an automobile accident in, or near, the driveway of 1450 11th Avenue. Appellant claims respondent slid on the ice, lost control of his vehicle and rear-ended her vehicle. Appellant Robert Watson owned the vehicle involved in the accident.

Respondent's version of the accident is significantly different than appellant's. Respondent claims he was proceeding south on 11th Avenue when he observed appellant's vehicle parked on the right hand side of the street. As respondent approached appellant's vehicle, appellant made a quick left-hand turn without signalling and proceeded into the driveway at 1450 11th Avenue. Respondent claims icy road conditions made it impossible for him to avoid colliding with appellant's vehicle.

Written correspondence was exchanged in which both parties, and their insurance companies, denied responsibility for the accident and demanded payment in full from the other. Respondent's insurance company retained counsel on his behalf and on April 3, 1986, a summons and one page complaint was personally served on appellant Robert Watson.

Upon receipt of the summons and complaint, appellant Robert Watson phoned respondent's attorney and informed him that neither he, nor his daughter, was responsible for the damages allegedly suffered by respondent in the accident. Respondent's

Lester C. Peterson, St. Paul, for Dennis Andrew Galatovich, respondent.

attorney claims he told appellant he was required to submit an answer in writing and he should hire an attorney. Respondent's attorney did not provide appellant with any further documentation or notice of intent to obtain a default judgment.

Appellant claims respondent's attorney never informed him that he needed to file a written answer or hire an attorney. Appellant assumed his telephone conversation with respondent's attorney was an adequate answer and he would receive notice of the trial date.

## ISSUE

Did the trial court abuse its discretion by denying appellants' motion to vacate the default judgment?

## ANALYSIS

A default judgment may be entered against a party who fails to plead or otherwise defend within the time allowed by law. Minn.R.Civ.P. 55.01. A court may relieve a party from a default judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02.

▪ Reopening of default judgments is to be liberally undertaken so that disputes can be resolved on their merits. *Sand v. School Service Employees Union, Local 284,* 402 N.W.2d 183, 186 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. April 29, 1987) (citing *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952)). However, the right to be relieved of a default judgment is not absolute. *Howard v. Frondell,* 387 N.W.2d 205, 207 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986). It is within the trial court's discretion to set aside a default judgment and judgment will not be reversed absent a clear abuse of discretion. *Id.* at 207–08.

▪ A party seeking to vacate a default judgment must show: (1) a reasonable defense on the merits; (2) a reasonable excuse for its failure or neglect to act; (3) it has acted with due diligence after notice of

entry of default judgment; and (4) no substantial prejudice will result to the opposing party. *Sand,* 402 N.W.2d at 186.

The trial court denied appellants' motion on the ground that appellants had no reasonable excuse for failing to file an answer. Appellants claim the trial court abused its discretion by denying their motion to vacate the default judgment because they have met the four elements required to vacate a judgment.

1. *Reasonable Defense on the Merits.*

▪ Legitimate issues of fact concerning the cause of the accident exist in this case.

2. *Reasonable Excuse for Failure to Answer.*

In *Taylor v. Steinke,* 295 Minn. 244, 203 N.W.2d 859 (1973), the Minnesota Supreme Court found excusable neglect where, upon receipt of the summons and complaint, the defendant telephoned the plaintiff's attorney and explained to plaintiff's attorney why he thought plaintiff's case would be unsuccessful and then hung up with the belief that he had nothing else to do.

The facts of this case are nearly identical to the facts of *Taylor.* Upon receipt of the summons and complaint, appellant Robert Watson telephoned respondent's attorney and explained to him that neither he, nor his daughter Kimberly Watson, were responsible for the accident. When appellant hung up, he was under the belief his verbal response was an adequate answer and he would receive notice of the trial date. Appellant was prepared to defend himself with photographs and other information he gathered in preparation for the trial.

3. *Acted with Due Diligence after Notice of the Default Judgment.*

Appellant received notice of the default judgment in late August 1986 and contacted his attorney on August 28, 1986. Appellant's attorney attempted to resolve the matter with respondent's attorney, but was unable to do so. Appellant moved the court to vacate the default judgment on January 7, 1987.

4. *No substantial Prejudice to Respondent.*

Some prejudice is inherent in every delay. *Vrooman Floor Covering, Inc. v. Dorsey,* 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964). Because respondents cannot cite any prejudice other than increased costs associated with these proceedings, appellants have met this test. *Sand,* 402 N.W.2d at 186. *See also Valley View, Inc. v. Schutte,* 399 N.W.2d 182, 185 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. March 18, 1987).

In evaluating the existence and strength of these four factors, this court requires the relative weakness of one factor to be balanced against a strong showing on the other three. *Valley View,* 399 N.W.2d at 185 (citing *Guillaume & Associates, Inc. v. Don-John Co.,* 371 N.W.2d 15, 19 (Minn.Ct. App.1985)). *Contra, Gelco Corp. v. Crystal Leasing, Inc.,* 396 N.W.2d 672 (Minn.Ct. app.1986) (trial court properly denied motion to vacate default judgment where appellant did not have a reasonable defense on the merits).

Here, as in *Valley View,* appellants have made a strong showing that they have a reasonable defense on the merits, acted with due diligence after notice of the entry of judgment and respondent will not be substantially prejudiced.

While it would have been more compelling had there been a strong showing on the reasonable excuse factor "[i]t must be remembered that the goal of all litigation is to bring about judgments after trials on the merits." *Sommers v. Thomas,* 251 Minn. 461, 468, 88 N.W.2d 191, 196 (1958).

**DECISION**

Although appellants have made a weak showing establishing a reasonable excuse for their failure to answer, we find this is outweighed by the strong showing on the other three factors. The trial court's order denying appellant's motion to vacate the judgment is reversed and the matter is remanded for further proceedings consist-

ent with this opinion. The action is reinstated on the calendar.

Reversed and remanded.