**Dallas L. WIETHOFF, Respondent,**

v.

**Keith A. WILLIAMS, Appellant.**

No. C3–87–1201.

Court of Appeals of Minnesota.

Oct. 6, 1987.

James O. Redman, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Patrick Mark Conlin, Andrew T. Shern, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

Considered and decided by NORTON, P.J., and MULALLY* and LOMMEN,* JJ., with oral argument waived.

## OPINION

EDWARD D. MULALLY, Judge.

Keith Williams appeals from an order denying his motion to vacate a default judgment. Default judgment was ordered when appellant failed to answer respondent's complaint. Appellant claims that he is entitled to vacation of the judgment pursuant to Minn.R.Civ.P. 60.02(1) (excusable neglect) or Rule 60.02(6) (any other reason justifying relief). The court found that appellant had no excuse for failing to answer and that there were no other factors justifying vacation of the default. We reverse.

## FACTS

Appellant and respondent were involved in a car accident in December 1983 at the intersection of Summit Avenue and Victoria Street in St. Paul. The car appellant operated rear-ended respondent's car. State Farm was the insurance carrier for both appellant and respondent.

State Farm acknowledged that it was responsible to cover any liability that appellant had to respondent for personal injury

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. 6, § 2.

and property damage. State Farm sent a note to respondent telling him to make any claims to its St. Paul office.

Respondent submitted a property damage claim against appellant's policy for $687. State Farm promptly paid this claim in February 1984. Respondent did not make any claim for his injuries at this time. State Farm eventually closed its claim file and sent it to its home office in Illinois.

Respondent did not attempt to contact State Farm again until August 20, 1986. On that date, his attorney sent a letter to State Farm's St. Paul office. The letter outlined that respondent had experienced persistent mid-back pain ever since the accident. It said that respondent's doctor had concluded he suffered from chronic thoracic and lumbar pain, secondary to a strain suffered in the accident of December 1983.

The State Farm office in St. Paul could not process the claim and sent the letter to the home claim office in Gurnee, Illinois. On October 13, 1986 the home office responded to respondent's letter. It was a short form letter requesting additional information to help State Farm locate the file.

Respondent did not immediately fill out and return this form. He took no further action until January 17, 1987 when he had a summons and complaint personally served on appellant at his home in Illinois. Appellant did not answer this complaint or notify anyone at State Farm.

Sometime between the date of service and February 25, 1987, respondent scheduled a motion for default on March 3, 1987. On Wednesday, February 25, 1987, respondent's counsel sent a letter to the State Farm office in Gurnee, Illinois informing them of the default motion. Respondent's counsel also completed and returned the form letter which State Farm had sent him back on October 13, 1986. State Farm received both these items on Monday, March 2, 1987, one day before the default hearing.

No one appeared in opposition to the default motion on March 3 and the order for default was signed on March 24 and judgment entered March 27. Respondent was awarded $1,804.31 compensation for medical costs and $20,000 for pain, suffering and disability.

On March 19, 1987, prior to entry of default, State Farm opened a new bodily injury claim file in its North Central Regional Office in Roseville, Minnesota. State Farm also initiated settlement negotiations with respondent at about this same time. Settlement negotiations broke down on or about April 27, 1987 and State Farm then obtained local counsel to represent appellant.

Appellant moved on May 6, 1987 to vacate the default judgment. In denying appellant's motion to vacate, the court found that appellant had no reasonable excuse for failing to answer the complaint. The court also noted that State Farm took over a month after entry of judgment to retain local counsel. Thus, the court found that State Farm did not act with due diligence after learning of the default.

Appellant timely appealed the order denying his motion to vacate. He claims that he is entitled to vacation of the default due to excusable neglect (Rule 60.02(1)) or for other reasons justifying relief (Rule 60.-02(6)).

## ISSUE

Did the trial court err in refusing to vacate the default judgment?

## ANALYSIS

Appellant argues that the default judgment should be vacated under the provisions of either Rule 60.02(1) or 60.02(6). Rule 60.02(1) allows vacation of judgments when the defaulting party can show "[m]istake, inadvertence, surprise or excusable neglect." Rule 60.02(6) allows vacation of judgment for "any other reason justifying relief from the operation of the judgment."

### A. Relief Under Rule 60.02(1)

To be granted relief from a default judgment, the defaulting party must establish that:

(1) he has a reasonable excuse for failure or neglect to answer;

(2) he has acted with due diligence after notice of the entry of judgment;

(3) he has a reasonable defense on the merits; and

(4) no substantial prejudice will result to the other party.

*Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). The decision of the trial court will not be disturbed absent abuse of discretion. *Id.* at 31, 53 N.W.2d at 457. However, the trial court should keep in mind the liberal policy of allowing trial of causes on their merits. *Id.* at 30, 53 N.W.2d at 455–56. The trial court should not grant relief so freely as to encourage loose practice, but it should not be so strict in its rulings as to make orderly procedure an end in itself rather than a means by which justice is administered. *Id.* at 32, 53 N.W.2d at 456–57.

Although the defaulting party must establish the existence of the four factors, a weak showing on one may be overcome by a strong showing on the other three factors. *Valley View, Inc. v. Schutte,* 399 N.W.2d 182, 185 (Minn.Ct.App.1987). In this case, appellant makes a weak showing on two of the four factors. Specifically, appellant has shown no reasonable excuse for failure to answer and he has not shown a reasonable defense on the merits.

Appellant did not interpose an answer or contact State Farm after being served with the complaint. Although there may have been a logical reason for appellant's inaction, he presented no reason to the trial court. He argued only that State Farm was negligent and that State Farm's negligence should not be imputed to him.

■ Appellant is correct in asserting that the insurer's negligence should not be imputed to the insured. *Hinz,* 237 Minn. at 31, 53 N.W.2d at 456. However, if a party himself is guilty of neglect, the neglect is inexcusable regardless of whether his representative is also negligent. *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973); *Howard v. Frondell,* 387 N.W.2d 205, 208 (Minn.Ct.App.1986). Consequently, appellant cannot invoke State Farm's negligence, if any, as an excuse because he himself has provided no excuse for his failure to respond to the complaint.

Appellant also failed to show a reasonable defense on the merits. He provided only an unverified answer which was little more than a general denial. It asserted no specific facts rebutting respondent's claims and simply "place(d) plaintiff to his proof" of the facts.

Generally, a reasonable defense on the merits requires more than a general denial or an unverified answer. *Grady v. Maurice L. Rothschild & Co.,* 145 Minn. 74, 75, 176 N.W. 153, 154 (1920. The defaulting defendant must in good faith make a showing of facts which will, if established, constitute a good defense. *Id.* Appellant's answer which alleges no facts and simply requires respondent to prove his case is the type of answer which does not to establish a meritorious defense. *See Vrooman Floor Covering, Inc. v. Dorsey,* 267 Minn. 318, 322, 126 N.W.2d 377, 380 (1964).

Since appellant makes a weak showing on two of the four factors, it is unnecessary to consider his performance on the remaining two factors. Although one weak factor may be overcome by three strong factors, there is no authority by which we can conclude that two weak factors are overcome by two strong factors. *See Gelco Corporation v. Crystal Leasing, Inc.,* 396 N.W.2d 672 (Minn.Ct.App.1986); *Hill v. Tischer,* 385 N.W.2d 329 (Minn.Ct.App.1986); *Spicer v. Carefree Vacations, Inc.,* 379 N.W.2d 728 (Minn.Ct.App.1986); *Guillaume & Associates, Inc. v. Don-John Co.,* 371 N.W.2d 15 (Minn.Ct.App.1985). Therefore, the trial court correctly held that appellant was not entitled to vacation of the default judgment under the four factor analysis of Rule 60.02(1).

### B. Relief Under Rule 60.02(6)

■ A court may grant relief under Rule 60.02(6) for "any other reason justifying relief from the operation of the judgment." Relief under this residual clause of Rule 60.02 is appropriate where the equities weigh heavily in favor of petitioner and clearly require relief be granted to avoid an unconscionable result. *Simon's v.*

*Schiek's, Inc.,* 275 Minn. 132, 145 N.W.2d 548, 553 (1966) (Otis, J., dissenting). This clause is invoked where necessary to further the liberal policy behind opening up default judgments and providing trials of actions on their merits. *See Hinz,* 237 Minn. at 30, 53 N.W.2d at 455–56.

It may be appropriate to vacate a default judgment under Rule 60.02(6) where there is not sufficient evidence to support an award of damages. *Hill v. Tischer,* 385 N.W.2d 329, 332 (Minn.Ct.App.1986); *Elk River Enterprises v. Adams,* 357 N.W.2d 139 (Minn.Ct.App.1984). In this case, the crucial issue is the amount of damages. After a summary proceeding the trial court awarded respondent $20,000 damages for pain, suffering and disability. It appears there was no medical testimony at the hearing and no evidence other than respondent's claims. The court's findings are to a great extent taken directly from respondent's complaint.

It also appears that the $20,000 would have an unduly harsh impact on appellant. Appellant seemed to be the unfortunate victim of series of events, most of which were outside his own control. Had State Farm located his file in November 1986 this default never would have occurred. State Farm may indeed have found his file if respondent had provided additional information when requested. In addition, State Farm could have provided for his defense if it had had a little more advance notice of the default hearing. Finally, appellant may have just reasonably assumed that respondent had contacted State Farm because respondent had made his first (property) claim by directly notifying State Farm.[1]

This case involves the type of unforeseen circumstances which require the use of residual Rule 60.02(6) to achieve a just result. *See Newman v. Fjelstad,* 271 Minn. 514, 521, 137 N.W.2d 181, 186 (1965). In light of the meager evidence supporting the award of damages, coupled with the unreasonably harsh effect on appellant, we find

that the default judgment should have been vacated. Accordingly, the trial court's order of May 19, 1987 denying appellant's motion to vacate the default judgment is reversed.

## DECISION

Reversed.

---

1. Appellant is an Illinois resident and most likely is unaware that an action for personal injury covered by residual liability insurance is brought against the insured and not against the insurer. *See* Minn.Stat. §§ 65B.47 and 65B.51 (1986).