John DOUGAN, Appellant,

v.

NIEDERMAIER, INC., Respondent.

No. C9-87-1302.

Court of Appeals of Minnesota.

Feb. 9, 1988.
Review Denied April 15, 1988.

Michael H. Streater, Briggs and Morgan, St. Paul, for appellant.

Jerome B. Abrams, Austin & Roth, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal is taken from the trial court's determination of amount owed appellant in commissions earned, denial of penalties under Minn.Stat. § 181.145 and declaring respondent prevailing party in this matter.

## FACTS

In 1980 appellant, John Dougan, was hired by respondent Niedermaier, Inc. (Niedermaier) as a sales representative. The employment agreement between appellant and respondent was oral. Appellant was to be paid a commission, on percentage basis, on sales to customers of Niedermaier. The percent depended upon the type of sale made; it could be five, ten or fifteen percent.

Niedermaier has been incorporated since 1965 and is a multi-million dollar business. Primarily Niedermaier sells promotional displays to department stores, shops and malls. Among its accounts are Marshall Field's, Dayton's, Jordan Marsh and Minneapolis' City Center.

When appellant first became employed by respondent a monthly draw was established for him in the amount of approximately $4,000. The draw was eventually increased to over $8,000 per month. The draw used by appellant would be deducted from commissions earned. During his employment appellant received approximately $400,000 in commissions.

In 1984, after about four years and four months, appellant left respondent's employ. According to testimony at trial before the court, appellant's termination, while voluntary, appears to be based upon respondent's dissatisfaction with appellant's work performance. It had been explained to appellant if he was not personally making sales and working on promotions he would not receive a commission.

Shortly after leaving respondent's employ, appellant contacted respondent's controller concerning commissions earned by appellant. Over the following four months commission statements were provided to appellant. Niedermaier paid appellant commissions in amounts of $1,735.79 and $3,862.15 in November and December. In January, 1985 appellant was told by respondent's controller that paperwork was complete and respondent owed appellant $9,306.45. The controller told appellant he would not be paid unless he released respondent from all claims for further commissions. Appellant refused.

Appellant commenced this action March 26, 1985. The trial court determined appellant was entitled to commissions in the amount of $9,306.45. No penalties were assessed respondent for imprompt payment to appellant. The trial court further determined respondent prevailed in this action thereby preventing appellant from receipt of attorney fees. No preverdict nor post-judgment interest was added to amount owed appellant.

Appeal is taken from the trial court's determination of commissions owed appellant; denial of penalties assessed respondent for imprompt payment of commissions; declaration of respondent as prevailing party and denial of preverdict and post-judgment interest on commissions deemed owed appellant.

## ISSUES

1. Did the trial court err in determining the amount of commissions owed appellant by respondent?

2. Did the trial court err in failing to assess penalties pursuant to Minn.Stat. § 181.45?

3. Did the trial court err in determining respondent as prevailing party in this matter?

## ANALYSIS

1. Appellant asserts the trial court's finding respondent owed appellant $9,306.45 in commissions is not supported by the evidence.

Numerous exhibits were admitted into evidence as well as depositions and oral testimony of the parties. The trial court determined there was no credible evidence to support appellant's claims:

The case can best be characterized by stating that *it was the court's view that [appellant] evidenced considerable reluctance if not a total inability to speak the truth.* When [appellant's] testimony is viewed alongside his sworn answers to interrogatories and then is evaluated in light of facts that came out in the [respondent's] case, it is quite clear that he is not entitled to any commissions other than those which [respondent] offered to pay him months before this litigation was commenced.

(emphasis added). Trial Court's Memorandum.

Finding of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.Pro. 52.01.

Appellant offered exhibits consisting primarily of invoices as evidence that sales were made. However, the trial court was not persuaded that *each* invoice entitled appellant to a commission.

Discussing the scope of review, the Minnesota Supreme Court has stated:

Where a trial judge sits without a jury, the rule varies with the character of the evidence: (a) If he decides a fact issue on written evidence alone, we are as able as he to determine credibility, and so we may disregard his finding. (b) Where the evidence is partly oral and the balance is written *or deals with undisputed facts,* then we may ignore the trial judge's finding and substitute our own, (1) if the written evidence or some undisputed fact renders the credibility of the oral testimony extremely doubtful, or (2) if the trial judge's finding must rest exclusively on the written evidence or the undisputed facts, so that his evaluation of credibility has no significance. (c) *But where the evidence supporting his findings as to any fact issue is entirely oral testimony, we may disturb that finding only in the most unusual circumstances.*

(emphasis added). *In re Trust Known As Great Northern Iron Ore Properties,* 308 Minn. 221, 243 N.W.2d 302, 305 (1976),

quoting *Orvis v. Higgins,* 180 F.2d 537, 539 (2 Cir.1950). When the majority of evidence presented to the trial court is oral testimony, the determination of credibility lies with the trial court.

2. The trial court awarded appellant \$9,306.45 in commissions. The judgment is in the exact amount determined by respondent to be owed appellant prior to litigation. Respondent offered appellant \$9,306.45 contingent upon appellant's release of any further claim for commissions. Minn.Stat. § 181.145 provides in relevant part:

Subd. 2. (a) When any person, firm, company, association, or corporation employing a commission salesperson in this state terminates the salesperson, or when the salesperson resigns that position, the employer *shall promptly pay* the salesperson, at the usual place of payment, commissions earned through the last day of employment *or be liable to the salesperson for the penalty provided under subdivision 3* in addition to any earned commissions unless the employee requests that the commissions be sent to the employee through the mails * * *.

\*     \*     \*     \*     \*     \*

(c) *If the salesperson resigns without giving at least five days written notice,* the employer shall pay the salesperson's commissions earned through the last day of employment on demand *no later than six working days after the salesperson's last day of work.*

Subd. 3. If the employer fails to pay the salesperson commissions earned through the last day of employment *on demand* within the applicable period as provided under subdivision 2, *the employer shall be liable to the salesperson, in addition to earned commissions, for a penalty for each day, not exceeding 15 days,* which the employer is late in making full payment or satisfactory settlement to the salesperson for the commissions earned through the last day of employment. *The daily penalty shall be in an amount equal to one-fifteenth of the salesperson's commissions earned*

*through the last day of employment which are still unpaid at the time that the penalty will be assessed.*

**Subd. 4.** (a) When there is a dispute concerning the amount of the salesperson's commissions earned through the last day of employment or whether the employer has properly audited and adjusted the salesperson's account, *the penalty provided in subdivision 3 shall not apply if the employer pays the amount it in good faith believes is owed the salesperson for commissions earned through the last day of employment within the applicable period as provided under subdivision 2;* except that, if the dispute is later adjudicated and it is determined that the salesperson's commissions earned through the last day of employment were greater than the amount paid by the employer, the penalty provided in subdivision 3 shall apply.

(b) If a dispute under this subdivision is later adjudicated and it is determined that the salesperson was not promptly paid commissions earned through the last day of employment as provided under subdivision 2, *the employer shall pay reasonable attorney's fees* incurred by the salesperson.

(emphasis added).

Respondent's offer of $9,306.45, contingent upon appellant's release of further claims of commissions, as a matter of law does not comply with the provisions in Minn.Stat. § 181.145. Furthermore, since appellant left respondent's employ in September, the amounts paid appellant in November and December totaling $5,597.94 were not paid within the time limits provided by the statute. Consequently respondent is liable to appellant for a penalty as set forth in Minn.Stat. 181.145 subd. 3, on the $9,306.45 as well as the November and December payments totaling $5,597.94.

3. Respondent's noncompliance with Minn.Stat. § 181.145 results in penalties to be paid appellant thereby making appellant the prevailing party in this matter. As prevailing party appellant is entitled to attorney fees under Minn.Stat. § 181.145 subd. 4(b).

Moreover appellant is entitled to interest on the judgment pursuant to Minn. Stat. § 549.09(1)(a).

## DECISION

Affirmed in part; reversed in part and remanded for calculation of penalty pursuant to Minn.Stat. § 181.145 subd. 3, attorney fees pursuant to Minn.Stat. § 181.145 subd. 4(b) and interest on judgment pursuant to Minn.Stat. § 549.09.