Brenda **HOVELSON**, Respondent,

v.

**U.S. SWIM & FITNESS, INC.**, et al., Appellants.

No. C6–89–1228.

Court of Appeals of Minnesota.

Jan. 9, 1990.

Review Denied March 16, 1990.

138

Donald E. Horton, Horton & Associates, Minneapolis, for respondent.

Richard L. Leighton, Carroll & Leighton, P.A., Minneapolis, for appellants.

Heard, considered and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ.

OPINION

PARKER, Judge.

Appellants Scandinavian U.S. Swim & Fitness, Inc., an Ohio corporation (Scandinavian USSF), and U.S. Swim & Fitness Minnesota Inc., a Minnesota corporation (USSF Minnesota), appeal from an order denying their motions to vacate a default judgment and to dismiss USSF Minnesota from the judgment. The default judgment was initially entered against U.S. Swim & Fitness, Inc., a name which Scandinavian USSF uses when transacting business.

Appellants claim they are entitled to vacation of the default judgment pursuant to Minn.R.Civ.P. 60.02(a) (excusable neglect) or Rule 60.02(f) (any other reason justifying relief). USSF Minnesota further contends it should be dismissed from the judgment for lack of jurisdiction because it was never served with process.

The court found appellants had no excuse for failing to answer and there were no other grounds which justified reopening the default judgment. The court refused to dismiss USSF Minnesota, finding it was correctly added to the judgment as an alias of the defaulting defendant entity. We affirm in part and vacate in part.

FACTS

Appellant USSF Minnesota is incorporated in Minnesota. Appellant Scandinavian USSF is an Ohio corporation authorized to do business in Minnesota. On September 1, 1986, USSF Minnesota transferred ownership of its Minnesota U.S. Swim & Fitness Clubs to Scandinavian USSF. These two corporations share the same president and vice president.

Pursuant to Minn.Stat. § 333.01 (1986), Greg Olson, president of both appellant corporations and a licensed attorney in Colorado, filed documents with the Minnesota secretary of state authorizing Scandinavian USSF to use the name U.S. Swim & Fitness as "an assumed name or corporate name."

In March 1985 Hovelson was hired by USSF Minnesota. She began as an instructor and in 1986 became a commission-only salesperson under manager Mike Brown.

Hovelson's business cards furnished by USSF, the membership contracts she sold and the company letterhead used for memoranda to employees listed "U.S. Swim & Fitness, Inc." as her employer.

In May 1987 USSF changed the club membership fee structure from a large initial fee plus ongoing monthly dues to a small initial payment and monthly installments on an 18–month contract. After this change, sales commissions were paid over the 18–month period.

Hovelson claims she arranged with manager Brown to transfer to an instructor position and receive her commissions for the 18–month period following the transfer. Soon after this agreement, Brown fired Hovelson. In a tirade lasting 20 minutes and including obscenities directed at Hovelson in front of other sales employees, Brown accused Hovelson of poor sales performance and fired her. Hovelson immediately sought counsel and brought this action.

On January 31, 1989, Hovelson's counsel sent a letter and unsigned complaint to Bahram Akradi at the corporate address listed in the phone book. Akradi was vice president of the appellant corporations and was personally known to Hovelson. The letter notified Akradi that Hovelson had retained counsel and would be filing the enclosed unsigned complaint after February 8, 1989. The unsigned complaint cited "U.S. Swim & Fitness, Inc." as the defendant. The letter included an offer of settlement. Akradi forwarded these documents to Olson at his Colorado office. Olson acknowledges receipt of the documents and his decision not to respond to this pre-suit communication.

On February 24, 1989, a signed summons and complaint were served at the Bloomington office and accepted by the director of corporate programs. The documents were forwarded to Olson in Colorado. Olson claims he never received them. The complaint was not answered.

The Fourth Judicial District court administrator mailed a Notice of Judge Assignment to USSF at its Bloomington office, to the attention of Akradi. Appellants have not explained what happened to this notice.

At the default hearing Hovelson testified on her own behalf and submitted affidavits of two lay persons and an expert witness to support her claims. Referring to computer printout sheets provided by USSF during her employment, Hovelson explained her computation of unpaid commissions.

The referee who presided at the default hearing found in favor of Hovelson on her claims of breach of contract, violation of Minn.Stat. § 181.145 (1988) by not paying her for commissions earned, defamation, fraud, intentional infliction of emotional distress, and negligent training and supervision of manager Brown. Judgment was ordered and entered for $77,920 for breach of contract and failure to pay earned commissions, and the sum of $77,080 for the other claims.

On April 21, 1989, the sheriff attempted to serve a writ of execution on USSF's bank account at Park National Bank. It was returned unsatisfied because the bank had no account in the name of "U.S. Swim & Fitness, Inc." On the same day, an attorney for Scandinavian USSF contacted Hovelson's attorney and told him there was no such corporation as USSF, Inc. He asked that the judgment be vacated; Hovelson declined.

After further investigation, Hovelson discovered that several companies were doing business under the U.S. Swim & Fitness name and that these companies shared the same president and vice president. On April 25 the trial court granted Hovelson's *ex parte* motion to amend the default judgment to include Scandinavian USSF and USSF Minnesota as defendants. Hovelson's attorney disclosed to the court the prior contact from an attorney for Scandinavian USSF.

Two days later the trial court granted Scandinavian USSF's temporary restraining order, quashing Hovelson's writ of execution and staying her collection efforts pending a later hearing and ruling on a motion to dismiss USSF Minnesota and to vacate the default judgment.

Scandinavian and Minnesota USSF did not supply a proposed answer or verified affidavits on the merits with its motion. After the hearing on its motion to vacate, Scandinavian USSF filed affidavits on the merits but did not file a proposed answer.

## ISSUES

1. Did the trial court abuse its discretion in refusing to vacate the default judgment?

2. Did the trial court err in amending the default judgment to correct a misnomer upon Hovelson's *ex parte* motion?

3. Did the trial court err in refusing to release USSF Minnesota from the default judgment for lack of jurisdiction and improper joinder?

## DISCUSSION

### I

On review of a motion to vacate a default judgment, this court will not disturb the trial court's decision absent a showing of an abuse of discretion. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 31, 53 N.W.2d 454, 457 (1952); *Gelco Corp. v. Crystal Leasing, Inc.*, 396 N.W.2d 672, 674 (Minn.Ct.App.1986). There is a liberal policy of opening default judgments to allow the trial of causes on their merits. *Taylor v. Steinke*, 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973). In administering this policy, we are mindful that

> [t]he discretionary power of the court to open a default judgment is not to be extended so as to encourage loose practice or be so limited as to make orderly procedure an end in itself rather than a means by which justice is administered.

*Hinz*, 237 Minn. at 32, 53 N.W.2d at 456–67.

To be granted relief from a default judgment and permit the party to answer, the party in default must demonstrate that (1) he has a reasonable defense on the merits, (2) he has a reasonable excuse for his failure to answer, (3) he has acted with due diligence after notice of the entry of judgment, and (4) no substantial prejudice will result to the other party. *Hinz*, 237 Minn. at 30, 53 N.W.2d at 456; *see also Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982). A weak showing on one factor may be overcome by a strong showing on the other three factors. *Guillaume & Associates, Inc. v. Don–John Co.*, 371 N.W.2d 15, 19 (Minn.Ct.App.1985).

The trial court found that USSF[1] showed a reasonable defense on the merits, but did not conclude it was strong. Our review of the affidavits and memorandum in support of the motion to vacate the judgment show that the trial court's judgment was supported by the record.

USSF has not focused its analysis on a showing of its defense on the merits. USSF did not submit timely affidavits and presented the bulk of its argument on defenses after the hearing. In all cases where application is made for leave to answer and defend, the application "shall" be accompanied by a copy of the answer and an affidavit of merits. Minn.Dist.Ct.Code of Rules 22. Although it provided verified affidavits after the hearing on its motion to vacate the judgment, USSF has never filed a proposed answer.

USSF has not offered a reasonable defense to Hovelson's claim for unpaid commissions. The default judgment ordered payment of commissions due which normally would have been paid to Hovelson over an 18–month period. USSF claims its defense to full compensation is provided in the employee handbook, which states that an employee terminated without cause will be paid commissions through the six weeks following termination.

When an employer terminates a commissioned salesperson, the employer "shall" pay the salesperson commissions earned through the last day of employment. Minn.Stat. §§ 181.13; 181.145, subd. 2(a) (1988); *Dougan v. Niedermaier*, 419 N.W.2d 112, 115 (Minn.Ct.App.1988), *pet.*

---

1. USSF as used here refers to Scandinavian USSF, which ultimately was adjudged to be the responsible party. See section III herein, dropping USSF Minnesota as a party due to lack of jurisdiction.

*for rev. denied* (Minn. Apr. 15, 1988) (finding employer's offer to pay part of the commissions due, contingent upon employee's release of further claims of commissions, "as a matter of law does not comply with the provisions of Minn.Stat. § 181.145"). Because USSF pays commissions over an 18–month period for each sale made, the six-week term failed to compensate Hovelson fully for her sales and is contrary to Minnesota law. Hovelson's commissions are based on her sales of membership contracts. No claim has been made that she had to do anything further to earn the commissions.

USSF submitted affidavits from sales manager Brown, his assistant, and the supervisor of instructors. These sworn statements, if true, indicate defenses to Hovelson's other claims.

While USSF has demonstrated reasonable defenses to several of Hovelson's claims, we do not find the trial court to have abused its discretion in not attributing a greater weight to this showing, especially in light of USSF's untimely affidavits and failure to file the required proposed answer.

USSF does not have a reasonable excuse for failing to answer Hovelson's complaint. The trial court noted that "defendants had three opportunities to act in this case and they negligently or purposefully ignored each of them." First, USSF's president, an attorney, chose not to respond to a presuit settlement offer which included an unsigned complaint. Several weeks later, a professional process server correctly served the director of sales for·Scandinavian USSF after the director held himself out as being authorized to accept service. Minn.R.Civ.P. 4.03(c). USSF claims it lost these documents. Finally, the district court administrator mailed a Notice of Judge Assignment to USSF. For a third time, USSF did nothing. It has not explained what happened to this notice.

■ USSF claims its neglect must be excused because Hovelson was negligent in naming the wrong defendant on her complaint and causing service to be made to an office other than that of its registered agent.

■ The laws requiring registration of corporate and trade names are for the purpose of protecting the integrity of these names and to protect creditors; these laws are not for the purpose of requiring the public to ascertain the correct name of an entity to name it properly in a lawsuit. *See Watson v. Stonewings on the Lake*, 393 N.W.2d 518, 520 (Minn.Ct.App.1986). Under the facts of this case, Hovelson had no duty to check for the registered name with the secretary of state.

Minn.Stat. § 303.10, subd. 1(2) (1988), requires foreign corporations registered to do business in Minnesota to designate an agent for service of process. Minn.Stat. § 303.13 permits, but does not mandate, service to that agent:

Nothing herein contained shall limit or affect the right to serve any process upon a corporation in any other manner now or hereinafter permitted by law.

*Id.*, subd. 4. Hovelson therefore was not negligent in following an alternative form of service under Minn.R.Civ.P. 4.03(c) (service upon a corporation).

As long as a defendant is not misled by a misnomer and the correct defendant is served, a misnomer has no effect on acquiring jurisdiction over the entity. *Nelson v. Glenwood Hills Hospital*, 240 Minn. 505, 512–13, 62 N.W.2d 73, 78 (1953). USSF admits it was served at its corporate office and the evidence shows that it did business under the fictitious corporate name used in the complaint.

USSF supplied Hovelson with business cards imprinted with the name U.S. Swim & Fitness, Inc. (USSF, Inc.). Hovelson signed membership contracts (supplied by USSF) bearing this name. USSF used this corporate name on interoffice letterheads. We affirm the trial court's finding that Hovelson reasonably named USSF, Inc., on her complaint and that USSF was not misled by the use of this name. Indeed, it could not, for it held itself out to be doing business under that name.

■ Finally, USSF claims its neglect is excusable because it lost the summons and complaint. This argument is without merit. Scandinavian USSF forwarded the summons and complaint to its president in Colorado; the negligence was caused by its own acts and is therefore not to be excused. *Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 602 (Minn.1982); *see also Osman v. Wisted*, 78 Minn. 295, 297, 80 N.W. 1127, 1127 (Minn.1899) (denying husband's motion to reopen judgment where wife accepted service and misplaced the complaint).

■ The trial court found that USSF did not act with due diligence in responding to the entry of judgment and thus failed to satisfy the third *Hinz* requirement. The motion to vacate a judgment "shall be made within a reasonable time." Minn.R. Civ.P. 60.02. What constitutes a reasonable time varies from case to case and is determined by the trial court in the exercise of its discretionary power. *Sommers v. Thomas*, 251 Minn. 461, 466–67, 88 N.W.2d 191, 195 (1958).

Because of USSF's seemingly purposeful failure to respond to notices of the suit, the trial court was unimpressed by the fact that USSF acted with reasonable diligence in contacting Hovelson nine days after entry of the judgment. While this is not literal compliance with the *Hinz* test, we cannot say it is an abuse of discretion to apply the perspective of the entire course of delay.

USSF did business at various times under the names U.S. Swim & Fitness, Inc.; U.S. Swim & Fitness; U.S. Swim & Fitness, Minnesota, Inc.; U.S. Swim & Fitness Centers; U.S. Swim & Fitness and Health & Tennis Corporation; Scandinavia Health Spas; Health & Tennis Corporation of America; Scandinavian U.S. Swim–MN; and Scandinavian U.S. Swim & Fitness, Inc. The confusing melange of similar names under which this business was conducted may have led the officers of the defendant to believe they could ignore with impunity the notices received. The trial court appears to have inferred that they acted only when an attempt was made to levy on the

judgment. Because that inference can reasonably be drawn by the catalog of events, we cannot say the trial court was clearly in error. USSF has made a weak showing of due diligence because of its prior knowledge of the suit.

The element of deliberation perceived by the trial court weakens the element of prejudice as well. The trial court contemplated the possibility of vacating the judgment with imposition of costs against USSF and posting of security for any eventual judgment for Hovelson. The court concluded that "it appears that conduct of defendant borders on intentionally ignoring process and vacation should not be allowed."

Ordinarily, added expense and delay alone are not sufficient to show prejudice. *Peterson v. Skutt Ceramic Products, Inc.*, 417 N.W.2d 648, 651 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Mar. 18, 1988). If it is perceived by the trial court that there is intentional ignoring of process, the additional expense must be viewed in a different light. To force a claimant to go to the expense of a hearing in court, to gather evidence and expert testimony and the concomitant preparation, all either by inexcusable neglect or by intent, colors the prejudice with a deeper hue.

On balance, USSF has made a reasonable, not strong, showing of a defense on the merits, it has not shown any reasonable excuse for its failure to answer and, while there is some showing of the due diligence and prejudice factors, these two factors are weakened by the overall course of conduct. We cannot find the trial court to have abused its discretion in refusing to vacate the judgment under Minn.R.Civ.P. 60.02(a). If there is any abuse, it is by a corporation which does business under fictitious corporate names and ignores legal process.

■ At oral argument a question was raised regarding damages shown before the referee. Even though a party has not shown a reasonable excuse for not answering a complaint, the court may open a judgment under circumstances that are just. Minn.R.Civ.P. 60.02(f). Relief under this residual clause is appropriate when the equities weigh heavily in favor of the party

seeking relief and relief is required to avoid an unconscionable result. *Simon's v. Shiek's, Inc.*, 275 Minn. 132, 139, 145 N.W.2d 548, 553 (1966) (Otis, J., dissenting); *Weithoff v. Williams*, 413 N.W.2d 533, 536–37 (Minn.Ct.App.1987) (meager evidence supporting award of damages would result in harsh penalty on private-party appellant); *Hill v. Tischer*, 385 N.W.2d 329, 332 (Minn.Ct.App.1986) (failure to prove elements of liability and to explain how she arrived at damages amount).

USSF has argued only that the award of unpaid commissions was not warranted by the evidence presented at the default hearing. As we noted above, USSF owed these commissions pursuant to a statute mandating payment for earned income. Hovelson referred to commission statements provided by USSF and explained in detail how she computed her unpaid commissions. This offer of proof was more than the mere testimonial evidence offered in *Elk River Enterprises, Inc. v. Adams*, 357 N.W.2d 139, 140–41 (Minn.Ct.App.1984) (corporate president testified to an operating loss of $60,000).

There is evidence to support the other damages award. Hovelson explained to the referee the amounts and method she used to compute her lost future income. She subtracted projected outside income from the amount and discounted the total to determine its current value. Hovelson presented medical and lay testimony in the form of affidavits to prove elements of her other claims and to support compensation for emotional distress. Unlike the claimants in *Hill* and *Wiethoff*, this damages award is not based on speculation, but on evidence which was appropriate to a default proceeding; no preponderance of evidence issue arises inasmuch as there was no contradictory evidence.

The referee cited several grounds for granting damages for emotional distress. Inasmuch as he did not break the award down and the determination of such damages was not raised on appeal, it would be inappropriate for this court to raise this issue *sua sponte*. *Cf. Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn.1988).

## II

USSF contends it was wrongfully prejudiced by Hovelson when she presented an *ex parte* motion to amend the name of the defendant on the judgment after Scandinavian USSF's attorney contacted her attorney. Appellants claim the trial court wrongfully heard the *ex parte* motion after it had knowledge that Hovelson had been contacted by their attorney.

We find no rule precluding an *ex parte* motion after final judgment where there is no appeal pending. The Minnesota Rules of Professional Conduct provide:

In an adversary proceeding a lawyer shall not communicate as to the merits of a case with the judge * * *:

*Id.*, Rule 3.5(g).

A judge should * * * neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding.

Code of Judicial Conduct, Canon 3(A)(4).

The record shows that Hovelson informed the trial court that her lawyer had been contacted by an attorney who said he represented USSF. Because there was a final judgment and no appeal had been taken from it, there was no case pending. *See County of Hennepin v. Brinkman*, 378 N.W.2d 790, 792–93 (Minn.1985). The trial court assessed the evidence presented and did not err in amending the judgment to correct a misnomer upon Hovelson's *ex parte* motion.

## III

Judgment entered on a party without service of process is void for want of jurisdiction. *Lange v. Johnson*, 295 Minn. 320, 323–24, 204 N.W.2d 205, 208 (1973). In case of a misnomer, if service of summons and complaint results in an intended defendant being fully informed of the action, the court has acquired jurisdiction over that misnamed defendant. *Nelson v. Glenwood Hills Hospital*, 240 Minn. 505, 513, 62 N.W.2d 73, 78 (1953); *Chan v. Katzenmeyer*, 391 N.W.2d 907, 910 (Minn. Ct.App.1986).

The trial court determined that it had jurisdiction over USSF Minnesota and Scandinavian USSF because the original named defendant, USSF, Inc., was a misnomer "alias" for these two corporations. Service was accepted by Scandinavian USSF's director of corporate sales, who represented himself as having the authority to receive service; service was proper as to Scandinavian USSF. Minn.R.Civ.P. 4.03(c).

USSF Minnesota argues that it is an independent entity and does not have any interest or involvement in Scandinavian USSF's health clubs in Minnesota. USSF Minnesota originally owned these clubs. On September 1, 1986, it transferred to Scandinavian USSF its ownership interest in the Minnesota clubs. Although both corporations have the same president and vice president, there is no evidence that their operations are overlapping. The two corporations have different offices, operate separately and have separate bank accounts. The evidence indicates they performed different functions; USSF Minnesota owned real estate. There was no evidentiary basis for the trial court's finding that USSF, Inc., was an alias for USSF Minnesota.

## DECISION

The trial court did not abuse its discretion in refusing to vacate the default judgment as to Scandinavian USSF. We vacate the judgment against USSF Minnesota because it is an independent entity and it was not served with process.

Affirmed in part and vacated in part.

WOZNIAK, Chief Judge (dissenting).

I respectfully dissent on several bases. First, as noted by the majority, the prevailing policy in Minnesota is that vacation of a default judgment should be liberally granted to encourage trials on the merits. *Taylor v. Steinke*, 295 Minn. 244, 246, 203 N.W.2d 859, 860 (1973). This is particularly true where, as here, there appears to be a valid defense and no substantial prejudice will result to plaintiff if the judgment is vacated. *Id.*

Here, the trial court found, and I agree, that appellants offered sufficient evidence to support a reasonable defense on the merits. Furthermore, appellants acted with due diligence in responding almost immediately after notice of entry of the default judgment. A demand letter and copy of an unsigned complaint do not constitute legal notice of a pending action to which appellants were required to reply. It is evident that Hovelson sent the unsigned complaint, which raised numerous causes of action and quoted inflammatory language for the purpose of its shock value, to intimidate appellants into settlement. Appellants' failure to respond to the settlement demand was not unjustified nor was their response legally required.

In addition, and most importantly, Hovelson has shown no prejudice. In acknowledging this fact, the trial court declined to vacate the default judgment because the "conduct of defendant borders on intentionally ignoring process and vacation should not be allowed." The trial court's apparent offense at appellants' actions is not a sufficient basis for denying the motion to vacate.

Considering appellants' showing on three out of the four criteria, the trial court erred in refusing to permit appellants to litigate the action on the merits.

Further, a judgment may also be opened when plaintiff has not proven every element of the case, including damages, by a fair preponderance of the evidence. *Hill v. Tischer*, 385 N.W.2d 329, 332 (Minn.Ct.App. 1986); *see also Elk River Enterprises, Inc. v. Adams*, 357 N.W.2d 139, 140–41 (Minn. Ct.App.1984).

Although the record indicates that Hovelson offered some evidence to support her claim, it is not apparent from the trial court's findings and conclusions that Hovelson proved every element of her case by a preponderance of the evidence. Moreover, the trial court's award of almost $78,000 for breach of contract and $77,000 for some questionable remaining claims is duplicative, giving Hovelson a windfall in a matter of questionable merit.

Finally, I believe the trial court seriously erred in granting Hovelson's *ex parte* motion to add USSF Minnesota and Scandinavian USSF as defendants *after* Hovelson had been contacted by opposing counsel, particularly since appellants had contacted Hovelson to inform her that judgment had been entered in the *wrong name* and to request that the judgment be vacated.

For all these reasons, I would vacate the default judgment and allow the parties to proceed with a trial on the merits.